IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO WESTERN DIVISION

| | |
|---|---|
| JOHN LEWIS, on behalf of himself and all others similarly situated, | Civil Action File No.: 1:19cv00178 |
| Plaintiff, | Judge William O. Bertelsman |
| v. | |
| SENTRY ELECTRICAL GROUP, INC., | |
| Defendant. | |

**DEFENDANT'S MOTION TO PARTIALLY DISMISS
PLAINTIFF'S AMENDED COLLECTIVE ACTION COMPLAINT**

COMES NOW, Defendant Sentry Electrical Group, Inc. ("Sentry"), and pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*, hereby moves this Court for an Order Partially Dismissing the Complaint. As reflected in the supporting Memorandum of Law attached hereto, Defendant shows the Court that Plaintiff's First Amended Collective Action Complaint should be dismissed with respect to his claim for overtime wages resulting from his travel to and from his home community to Sentry jobsites in violation of the Fair Labor Standards Act ("FLSA"). Because Plaintiff fails to state a claim under the FLSA, the Court should partially dismiss Count One of the Amended Collective Action Complaint.

Respectfully submitted,

*/s/Nick A. Nykulak*

Nick A. Nykulak (0075961)
Ross, Brittain & Schonberg Co., L.P.A
6480 Rockside Woods Blvd South, Suite 350
Cleveland, OH 44131
Telephone (216) 447-1551
Email: nnykulak@rbslaw.com

*Trial Attorney for Sentry Electrical Group*

Brent Wilson (Georgia Bar No. 767667)
*Admitted Pro Hac Vice*
Douglas H.  Duerr (Georgia Bar No. 231772)
*Admitted Pro Hac Vice*
Elarbee, Thompson, Sapp & Wilson, LLP
800 International Tower
229 Peachtree Street, N.E.
Atlanta, Georgia 30303
Phone (404) 659-6700
Fax (404) 222-9718
Email: bwilson@elarbeethompson.com
         duerr@elarbeethompson.com

*Attorneys for Sentry Electrical Group*

## MEMORANDUM IN SUPPORT OF
## DEFENDANT'S MOTION TO PARTIALLY DISMISS

### INTRODUCTION

John Lewis ("Plaintiff"), an employee of Sentry, filed a Collective Action Complaint on March 6, 2019, asserting a claim for alleged failure to pay wages, including overtime wages, in violation of the Fair Labor Standards Act ("FLSA").  Sentry filed a Motion to Dismiss Plaintiff's Complaint on April 3, 2019.  Subsequent to Sentry's Motion, Plaintiff filed a First Amended Complaint ("Amended Complaint") on April 16, 2019.  Plaintiff reasserts a claim purportedly based on the failure to pay for travel from Plaintiff's home to his jobsites.  Plaintiff also adds an allegation that Sentry required Plaintiff to travel between jobsites and did not count such time as compensable. (Amended Complaint ¶ 20).  With regard to his allegation he is entitled to compensation for his travel time to and from his home community to Sentry's jobsites, Plaintiff fails to remedy the fatal problem suffered by his original complaint, namely, that he fails to state a claim upon which relief can be granted. Therefore, Plaintiff's alleged claims for failure to pay for travel time from Plaintiff's home communities to Sentry's jobsites should be dismissed.[1]

### ARGUMENT AND CITATION OF AUTHORITY

**A.    Legal Standard.**

When deciding whether a complaint can survive on a motion to dismiss under Rule 12(b)(6), "the Court must construe the complaint in the light most favorable to the plaintiff, accepting all factual allegations as true, and determine whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Smith v. City of Cleveland*, No. 1:13-CV-2771, 2014 WL 639833, at \*2, (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127

---

[1] Regardless of the accuracy of Plaintiff's allegations that he was required to travel from jobsite to jobsite, Defendant acknowledges that such time might be compensable under the FLSA.

S. Ct. 1955, 167 L. Ed. 2d. 929 (2007)). The Court may grant a motion to dismiss when a plaintiff "can prove no set of facts in support of his claim which would entitle him to relief." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).

In this case, Plaintiff's claims are not cognizable under the FLSA, which categorizes travel time to and from the actual place of performance of work as noncompensable. Consequently, even accepting all Plaintiff's claims as true, his Amended Complaint does not state a claim for relief against Sentry, and therefore, must be dismissed.

**B. The Amended Complaint Should Be Dismissed for Failure to State a Claim.**

Stated succinctly, the crux of the allegations at issue in the Amended Complaint is that Sentry, pursuant to a companywide policy, did not compensate Plaintiff for the time he traveled to and from his home to jobs in other states, resulting in no compensation to Plaintiff for his travel time and the exclusion of that time in determining eligibility for overtime compensation. [Amended Complaint ¶¶ 38-39]. However, Plaintiff's Amended Complaint, like his original, does not contain any facts or allegations against Sentry that provide a basis for relief on such grounds.

While the goal of the FLSA is to ensure "each employee covered by the Act…receive[s] 'a fair day's pay for a fair day's work,'" and is "protected from the 'evil of "over work" as well as "underpay,"' " it has long been established that not all of the employee's time associated with work is deemed compensable under the FLSA. *Kavanagh v. Grand Union Co., Inc.*, 192 F.3d 269, 271 (2d Cir. 1999) (quoting *Barrentine v. Arkansas-Best Freight Sys. Inc.*, 450 U.S. 728, 739, 101 St.Ct. 1437, 67 L.Ed.2d 641 (1981) (alteration in the original) (quoting *Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 578, 62. S.Ct. 1216, 86 L.Ed. 1682 (1942)) (quoting 81 Cong. Rec. 4983 (1937) (message of President Roosevelt))).

In 1947, Congressed passed the Portal-to-Portal Act as an amendment to the FLSA, thereby excluding from "work," time spent "walking, riding, or traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform," 29 U.S.C. § 254(a)(1). In the Statements of General Policy or Interpretation Not Directly Related to Regulations published by the Department of Labor ("DOL"), the DOL explains that also excluded from "time worked" is "ordinary home to work travel which is a normal incident of employment." 29 C.F.R. § 785.35. In determining whether travel to the work place is "normal," "courts consider whether an employee is free to relocate their residence and/or whether the employee entered into the employment with notice of the need to periodically or regularly travel to alternate worksites." *Richard v. KBK Services, Inc.*, No. 15-CV-299-JDP, 2016 WL 4691608, at *4 (W.D. Wis. Sept. 7, 2016) (quoting *Imada v. City of Hercules*, No. C-95-4364 SC, 1997 WL 33566, at *5 (N.D. Cal. Jan. 17, 1997), aff'd sub nom., *Imada v. City of Hercules*, 138 F.3d 1294 (9th Cir. 1998)).

Further, normal travel encompasses "the time normally spent by a specific employee traveling to work" and is "a subjective standard, defined by what is usual within the confines of a particular employment relationship." *Kavanagh*, 192 F.3d at 272. Therefore, the "distance of an employee's travel time is not dispositive on the matter of whether such travel is considered 'normal'" *Hathaway v. Masonry*, No. 5:11-CV-121, 2013 WL 1878897, at *6 (W.D. Ky. May 3, 2013).

Here, Plaintiff merely alleges that he and others were required to leave their homes in order to drive "hundreds of miles away from [their] home communities" during their normal work hours, thus making his time, according to him, compensable as travel away from his home community pursuant to 29 C.F.R. § 785.39. [Amended Complaint ¶ 18, 20]. However, Plaintiff's reliance on

such DOL guidance is misplaced as the allegations of the Amended Complaint establish that Plaintiff is complaining not that he was leaving a worksite in his home community and substituting travel to another jobsite as a primary duty. Instead, the allegations of the Amended Complaint establish that he is merely complaining that he and others were hired to work at jobsites in a number of states, which may be far from where they have chosen to live. [*E.g.*, Amended Complaint ¶ 19].

Instead, the proper characterization of Plaintiff's travel time is "ordinary home to work travel which is a normal incident of employment," or, in other words, a commute, albeit a long one. 29 C.F.R. § 785.35. As Plaintiff's Amended Complaint acknowledges, Sentry provides electrical construction services and maintenance projects to clients located in various states throughout the country. [Amended Complaint ¶ 15]. This means Plaintiff and similarly situated employees had to report to jobsites that were "located hundreds of miles away from the Plaintiff's and similarly situated employees' home communities." [Amended Complaint ¶ 18]. Plaintiff, unless he chose to move his home or to decline the assignment, chose to commute long distances in order to perform work for Sentry's clientele situated throughout the country, thus making his travel from his home in Ohio to a Sentry jobsite merely a "normal incident of [his] employment." 29 C.F.R. § 785.35. The fact that Plaintiff's regular commute spans up to several hundred miles makes no difference here, as "normal travel" is the time he generally spends traveling to work. *See Kavanagh*, 192 F.3d at 271 and cases cited therein.

In *Mendez v. Radec Corp.*, 232 F.R.D. 78 (W.D.N.Y. 2005), the court found compensable travel away from employees' home communities when employees were required to work on out-of-town projects when an overnight stay was required. However, that case is distinguishable from the case at bar in that, unlike here, the travel resulting in an overnight stay was not a normal

incidence in *Mendez*; instead, the employees were only required to engage in such travel "on occasion" for certain projects. *Id.* at *86. However, here, as the Amended Complaint indicates, Sentry performed electrical, construction and maintenance services in multiple states, thereby making the necessity of long-distance commutes far more common. [Amended Complaint, ¶ 15-16]. Further, since this travel is both allegedly and in fact a <u>normal incidence of employment</u>, district courts in the Sixth Circuit routinely hold that such time is not compensable. *See Hathaway*, No. 5:11-CV-121, 2013 WL 1878897, at *6; *Schwab v. Bernard*, No. 5:11-CV-1216, 2012 WL 1067074, at *3 (N.D. Ohio Mar. 28, 2012).

Further, while the FLSA requires employers to compensate workers for travel time when travel is considered a principal activity, such as when employees perform work during their commute, this exception to the general rule that travel time is noncompensable is inapplicable here. *See Vega v. Gasper*, 36 F.3d 417, 424 (5th Cir. 1994). In *Vega*, the Fifth Circuit found commute time noncompensable when the employees, chile pepper harvesters, did not perform any work either prior to or while traveling to the jobsite (approximately a four to five hour commute roundtrip in an employer-provided bus). Instead, the court noted the time en route to and from work was merely "an extended home-to-work-and-back commute," and deemed it "a noncompensable preliminary and postliminary activity based on the Portal-to-Portal Act…." *Id*. at 425. Here, there is no allegation, nor can there be, Plaintiff's commute was "an indispensable part of performing [his] job." *Id*. at 424. He has alleged no fact suggesting he was engaged in any principal activities either before or during his commute.

Similarly, the Sixth Circuit has adopted the "predominant benefit test," which explains when an employee's time spent on pre- and post-work activities may be counted as compensable time. In *F.W. Stock & Sons v. Thompson*, the Court found meal breaks compensable when

engineers were required to monitor machines during their break to assure the machines operated safely and to address any emergencies. 194 F.2d. 493, 496 (6th Cir. 1952). The Court rationalized its decision by explaining that if time spent during any period was predominately for the employer's benefit, that time was compensable under the FLSA, no matter how it might be categorized. *Id.* at 496-97. The Court noted the Supreme Court of the United States also followed this approach when it determined that the time firefighters spent on-call was compensable. *Id.* at 497.

Here, unlike in *Thompson*, Plaintiff does not allege any facts indicating either he or any of the purported Collective Class Members were engaged in any work at all while commuting to and from their home communities to Sentry's jobsites. Therefore, there can be no contention that the commute time conferred benefit on Sentry. Instead, Plaintiff received the predominant benefit of his travel time in that he could maintain his home and family in Ohio, rather than moving his residence.

Because the travel time about which Plaintiff complains is mere "home to work travel" that is not compensable under the Portal to Portal Act amendments of the FLSA, Sentry has no obligation to treat Plaintiff's commute from his home communities to Sentry's jobsites as compensable time.

## CONCLUSION

As Plaintiff has failed to allege facts establishing a right to relief under the FLSA, Defendant respectfully requests the Court grant its Motion to Partially Dismiss.

Respectfully submitted,

*/s/Nick A. Nykulak*

Nick A. Nykulak (0075961)
Ross, Brittain & Schonberg Co., L.P.A

        6480 Rockside Woods Blvd South, Suite 350
        Cleveland, OH 44131
        Telephone (216) 447-1551
        Email: nnykulak@rbslaw.com

*Trial Attorney for Sentry Electrical Group*

Brent Wilson (Georgia Bar No. 767667)
*Admitted Pro Hac Vice*
Douglas H. Duerr (Georgia Bar No. 231772)
*Admitted Pro Hac Vice*
Elarbee, Thompson, Sapp & Wilson, LLP
800 International Tower
229 Peachtree Street, N.E.
Atlanta, Georgia 30303
Phone (404) 659-6700
Fax (404) 222-9718
Email: bwilson@elarbeethompson.com
       duerr@elarbeethompson.com

*Attorneys for Sentry Electrical Group*

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on this the 30th day of April, 2019, a copy of the foregoing was filed electronically via the Court's CM/ECF system.  Notice of this filing will be sent by operation of the Court's CM/ECF system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's CM/ECF system.

        */s/Nick A. Nykulak*
        Nick A. Nykulak (0075961)

        *Trial Attorney for Sentry Electrical Group*