**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| JOHN LEWIS, on behalf of himself and all others similarly situated, | ) ) |
| | ) Case No. 1:19-cv-00178 |
| Plaintiff, | ) |
| | ) Judge Michael R. Barrett |
| vs. | ) |
| | ) |
| SENTRY ELECTRICAL GROUP, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter is before the Court on the Defendant's Motion to Partially Dismiss

Plaintiff's Amended Collective Action Complaint. (Doc. 12). Plaintiff has filed a

memorandum in opposition (Doc. 15), to which Defendant has replied (Doc. 16). As

explained below, Defendant's Motion will be DENIED.

## I.    BACKGROUND

Plaintiff John Lewis brings this civil action seeking unpaid wages, including

overtime wages, under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* His

claims are asserted as a collective action pursuant to § 216(b). In support, on behalf of

himself and all others similarly situated, he alleges the following facts in his Amended

Complaint.[1]

---

[1] As the Court understands Plaintiff's Amended Complaint, the alleged FLSA violations are ongoing. (*See* Doc. 11 at PageID 42–43 (¶ 2 ("at any time from March 6, 2016, through final disposition of this matter[]")); 47 (¶ 35 (same)); 50 (¶ 53 ("As the direct and proximate result of Defendant's unlawful conduct, Plaintiff and the Collective Class Members have suffered and will continue to suffer a loss of income and other damages.").)

At all relevant times, Plaintiff was employed by Defendant Sentry Electrical Group, Inc. as an hourly, non-exempt employee. (Doc. 11 at PageID 43 (¶ 3)). He regularly worked more than 40 hours per workweek. (*Id.* (¶ 4)). Defendant required Plaintiff to travel to "remote" jobsites during normal work hours. (*Id.* at PageID 45 (¶18)). These remote jobsites were located "hundreds of miles away" from Plaintiff's home community, necessitating an overnight stay. (*Id.*).[2] As an example, Plaintiff travelled from his residence in Shelby, Ohio to Lubbock, Texas. (*Id.* at PageID 45 (¶ 19)). But because Defendant has a companywide "no pay for travel" policy, Defendant did not pay Plaintiff for his travel time. (*Id.* at PageID 45 (¶ 20)). Nor did Defendant count this travel time as hours worked for purposes of determining Plaintiff's overtime eligibility. (*Id.* at PageID 45 (¶ 21)). Hence, Plaintiff claims that he—and the collective class members—have been willfully deprived of proper wages, including overtime wages.[3]

Defendant responds that Plaintiff's claim is "not cognizable" under the FLSA, "which categorizes travel time to and from the actual place of performance of work as noncompensable." (Doc. 12 at PageID 57).

## II.  LEGAL STANDARDS

Rule 12(b)(6) allows a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. Civ. P. 12(b)(6). To withstand a dismissal motion, a complaint must contain "more than labels and conclusions [or] a formulaic

---

[2] Defendant paid Plaintiff a per diem to reimburse him for his lodging expenses. (Doc. 11 at PageID 45 (¶ 18)).

[3] Plaintiff also claims that he was required to travel from one remote jobsite to another without proper compensation. (Doc. 11 at PageID 45–46 (¶¶ 22–25)). This claim, however, is not the subject of Defendant's Motion. (Doc. 12 at PageID 56 n.1; Doc. 15 at PageID 77 n.1).

recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court does not require "heightened fact pleading of specifics, but only enough facts to state a claim for relief that is plausible on its face." *Id.* at 57 (emphasis added). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A district court examining the sufficiency of a complaint must accept the well-pleaded allegations of the complaint as true. *Id.*; *DiGeronimo Aggregates, LLC v. Zemla*, 763 F.3d 506, 509 (6th Cir. 2014).

## III.    ANALYSIS

"The FLSA requires employers to pay at least a specified minimum wage for each hour worked, *see* 29 U.S.C. § 206, and overtime compensation for employment in excess of forty hours in a workweek." *Chao v. Tradesmen Int'l, Inc.*, 310 F.3d 904, 907 (6th Cir. 2002) (citing 29 U.S.C. § 207(a)(1)[4]). "Although the term 'work' is not defined in the statute, the Act defines 'employ' to mean 'to suffer or permit to work.'" *Id.* (citing 29 U.S.C. § 203(g); 29 C.F.R. § 785.6). "The Supreme Court [once] defined work to include <u>any</u> time 'controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his business.'" *Id.* (quoting *Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123*, 321 U.S. 590, 598 (1944)) (emphasis added).  But in 1947, the Portal-to-Portal Act amended the FLSA and specifically excluded "walking, riding, or traveling to and from the actual place of performance of the

---

[4] "[N]o employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified <u>at a rate not less than one and one-half times the regular rate</u> at which he is employed."  29 U.S.C. § 207(a)(1) (emphasis added).

principal activity or activities which such employee is employed to perform[.]"  29 U.S.C.

§ 254(a)(1).  In other words, this amendment made "ordinary commute time" non-

compensable under the FLSA.  *Aiken v. City of Memphis*, 190 F.3d 753, 758 (6th

Cir.1999).

"An employee who travels from home before his regular workday and returns to

his home at the end of the workday is engaged in ordinary home to work travel which is

a normal incident of employment."  29 C.F.R. § 785.35.  "This is true whether he works

at a fixed location or at different job sites."  *Id.*  "Normal travel from home to work is <u>not</u>

worktime."  *Id.* (emphasis added).  "Normal travel" is defined by "what is usual within the

confines of a particular employment relationship."  *Smith v. Aztec Well Serv. Co.*, 462

F.3d 1274, 1287 n.3 (10th Cir. 2006) (quoting *Kavanagh v. Grand Union Co.*, 192 F.3d

269, 272 (2d Cir. 1999)).  The length of a commute is irrelevant as long as it was "a

contemplated, normal occurrence" of the employment relationship.  *Kavanagh*, 192 F.3d

at 272 & 273 ("The term ['normal travel'] does not represent an objective standard of

how far most workers commute or how far they may reasonably be expected to

commute.  Instead, it represents a subjective standard, defined by what is usual within

the confines of a particular employment relationship.").

Travel away from an employee's "home community" is treated differently,

however:

> Travel that keeps an employee away from home overnight is travel
> away from home. Travel away from home is clearly worktime when
> it cuts across the employee's workday. The employee is simply
> substituting travel for other duties. The time is not only hours
> worked on regular working days during normal working hours but
> also during the corresponding hours on nonworking days. Thus, if
> an employee regularly works from 9 a.m. to 5 p.m. from Monday
> through Friday the travel time during these hours is worktime on

> Saturday and Sunday as well as on the other days. Regular meal period is not counted. As an enforcement policy the Divisions will not consider as worktime that time spent in travel away from home outside of regular working hours as a passenger on an airplane, train, boat, bus, or automobile.

29 C.F.R. 735.39.  Summarized, "travel time is compensable when it cuts across: 1) an employee's workday and 2) an employee's regular working hours on nonworking days. Travel time is <u>not</u> compensable when: 1) it occurs outside of the employee's regular working hours, whether on working or nonworking days, or 2) the employee is a passenger on a common carrier and his travel occurs during his regular working hours on nonworking days." *Bassett v. TVA*, No. 5:09-CV-00039, 2013 WL 2902821, at *8 (W.D. Ky. June 13, 2013) (emphasis in original); *see Dekker v. Constr. Specialties of Zeeland, Inc.*, No. 1:11-CV-252, 2012 WL 726741, at *4 (W.D. Mich. Mar. 6, 2012) ("The FLSA requires a company to pay for overnight, out-of-town travel when it cuts across the employee's workday.  However, the FLSA does not generally require a company to pay for overnight, out-of-town travel outside of regular hours.") (citation omitted)).

Defendant contends that "the proper characterization of Plaintiff's travel time is 'ordinary home to work travel which is a normal incident of employment'" under 29 C.F.R. § 785.35.  (Doc. 12 at PageID 59).  Plaintiff acknowledges that Defendant provides electrical construction, as well as maintenance services of electrical infrastructure, for both private owners and public utilities *in multiple states.*  (*See* Doc. 11 at PageID 44 (¶ 15)).  In Defendant's view, therefore, "Plaintiff, unless he chose to move his home or to decline the assignment, chose to commute long distances in order to perform work for Sentry's clientele situated throughout the country, thus making his

travel from his home in Ohio to a Sentry jobsite merely a 'normal incident of [his] employment.'" (Doc. 12 at PageID 59 (citing 29 C.F.R. § 785.35)). Defendant highlights Plaintiff's failure to allege that "he and other similarly situated employees normally worked within their home communities." (*See* Doc. 16 at PageID 87). In the absence of such an allegation—that "even once" he worked within his home community—Plaintiff cannot claim his travel time to and from Defendant's jobsites "is anything more than an ordinary commute, whether or not overnight travel is involved." (*Id.* at PageID 88).

At this juncture, the Court is not persuaded that Plaintiff must plead that he "normally (or even once)" worked within his home community in order to recover for travel away from home. A Rule 12(b)(6) dismissal is appropriate only if "it appears beyond doubt that the plaintiff can prove <u>no</u> set of facts in support of his claim which would entitle him to relief." *Handy-Clay v. City of Memphis*, 695 F.3d 531, 538–39 (6th Cir. 2012) (quotation and citation omitted) (emphasis added). Here, Plaintiff has alleged that he was "required" to travel during "normal work hours" to "remote" jobsites that were located "hundreds of miles" from his home community and that he was "required to stay overnight at these remote jobsites." (Doc. 11 at PageID 45 (¶ 18).) If proven true, these facts plausibly state a claim for relief against Defendant based on the language of 29 C.F.R. § 785.39. *See Mendez v. Radec Corp.*, 232 F.R.D. 78, 85–88 (W.D.N.Y. 2005) (granting summary judgment to plaintiffs because they established "that, at least with respect to individual jobs, they did have 'normal working hours,' that they traveled to out-of-town job sites during those hours, and that they were not compensated for that travel time, in violation of the FLSA and 29 C.F.R. § 785.39").

## IV.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion to Partially

Dismiss Plaintiff's Amended Collective Action Complaint (Doc. 12).

**IT IS SO ORDERED.**

/s/ *Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court