**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| **JOHN LEWIS, on behalf of himself and those similarly situated,** ) | |
| ) | Case No. 1:19-cv-178 |
| Plaintiff, ) | |
| ) | Judge Michael R. Barrett |
| ) | Magistrate Judge Stephanie K. Bowman |
| vs. ) | |
| ) | |
| ) | **ORDER OF DISMISSAL AND** |
| **SENTRY ELECTRICAL GROUP, INC.,** ) | **APPROVING FLSA COLLECTIVE** |
| ) | **ACTION SETTLEMENT** |
| Defendant. ) | |
| ) | |

This matter is before the Court on the Parties' Joint Motion for Approval of Collective Action Settlement ("Joint Motion"). (Doc. 44). The Joint Motion asks the Court to approve, as fair and reasonable, the proposed Settlement reached by the Parties and memorialized in the Collective Action Settlement Agreement ("Settlement" or "Agreement") attached to the Joint Motion as Exhibit A.

Having reviewed the Joint Motion, the Agreement and its Exhibits, the Declaration of Shannon M. Draher, and the pleadings and papers on file in this Action, and for good cause established therein, the Court enters this Order of Dismissal and Approving Settlement and approves the Agreement and its Exhibits, the proposed Notice of Settlement of Collective Action, the proposed method of calculation of Individual Settlement Payments to the Plaintiffs, the proposed Service Award to the Named Plaintiff, and the proposed attorneys' fees and expense reimbursements to Plaintiffs' Counsel, as follows:

1. The captioned Action asserts wage-and-hour claims under the FLSA, 29 U.S.C. §§ 201-219, on behalf of non-exempt hourly employees who were allegedly not paid all of their overtime compensation.

2. On March 6, 2019, Named Plaintiff filed this case (the "Lawsuit" or the "Action") against Defendant on behalf of himself and other similarly situated current and former employees. (Doc. 1).

3. In the Action, Named Plaintiff alleges that Defendant failed to pay him and other similarly situated employees overtime for all hours worked in excess of 40 in a workweek in violation of the Fair Labor Standards Act, § 201 *et seq.* ("FLSA"). Specifically, Named Plaintiff alleges that Defendant violated the FLSA by failing to pay him and other similarly situated employees for the time they spent traveling during their normal workdays to jobs that required an overnight stay.

4. On April 3, 2019, Defendant filed a Motion to Dismiss the Action. (Doc. 6).

5. Named Plaintiff filed an Amended Complaint on April 16, 2019. (Doc. 11).

6. Defendant filed a Motion to Dismiss the Amended Complaint on April 30, 2019. (Doc. 12).

7. On January 2, 2020, the Court denied Defendant's Motion to Dismiss. (Doc. 26).

8. Following the Court's Order denying Defendant's Motion to Dismiss, the Parties filed a Joint Motion to Certify Collective Class and Approve Collective Action Notice. (Doc. 27). The Court granted that Motion on January 22, 2020. (Doc. 28).

9. Pursuant to the Court's Order granting conditional certification, a Court-authorized notice was sent to the following collective class of employees:

> All current or former hourly non-exempt employees of Defendant who (1) were required to travel to a remote jobsite away from their home communities and stay overnight; (2) have not been paid for time spent traveling to these remote jobsites; and (3) as a result of the travel time to the remote jobsite, worked over 40 hours in any workweek beginning January 21, 2017, to the present.

2

10. 109 Opt-In Plaintiffs (including Named Plaintiff) joined this case. Named Plaintiff and the Opt-In Plaintiffs are collectively referred to herein as "Plaintiffs".

11. After the close of the notice period, the Parties agreed to mediate this case. Defendant produced Plaintiffs' time, pay and travel data to Plaintiffs' Counsel. Plaintiffs' Counsel engaged the service of a Ph.D economist to construct a damages model using the data produced by Defendant.

12. The Parties mediated this case with Lee Parks on August 24, 2020. Prior to the mediation, Plaintiffs' Counsel provided Defendant with their damages model. The Parties reached a settlement at the mediation.

13. The Settlement will cover 109 Plaintiffs who have joined this case.

14. The Court finds that the proposed Settlement is a fair and reasonable resolution of a *bona fide* dispute and satisfies the standard for approval under § 16(b) of the FLSA, 29 U.S.C. § 216(b). The Court finds that the Settlement resulted from arms-length negotiations between experienced counsel with the assistance of a mediator. Plaintiffs' Counsel has informed the Court that they believe the Settlement is fair, reasonable, and adequate and in the best interests of the Plaintiffs. The Court has considered all relevant factors, including the risk, complexity, expense, and likely duration of the litigation; the extent of investigation; the amount offered in the Settlement; and the experience and views of counsel for the Parties.

15. The Court approves the Agreement and its Exhibits, including the proposed Notice of Settlement of Collective Action, and orders that the Settlement be implemented according to the terms and conditions of the Agreement and as directed herein. The Court grants approval of the Settlement.

16. The Court finds that the proposed method of calculation of the Individual Settlement Payments to Plaintiffs is fair and reasonable.

17. The Court approves the Service Payment to Named Plaintiff in recognition of his service in the Action, and orders that such payment be made in the manner, and subject to the terms and conditions, set forth in the Agreement.

18. The Court approves the payment of attorneys' fees and expense reimbursements to Plaintiffs' Counsel as provided in the Agreement, and orders that such payments be distributed in the manner, and subject to the terms and conditions, set forth in the Settlement Agreement.

19. The terms of the Agreement and this Order are binding on the Plaintiffs, as well as their heirs, executors and administrators, successors and assigns, and those terms shall have res judicata and other preclusive effects in all pending and future claims, lawsuits, or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits, or other proceedings involve matters that were or could have been raised in this Action or are otherwise encompassed by the Release set forth in the Agreement.

20. Neither this Order nor the Agreement is, may be construed as, or may be used as, an admission or concession by either party, as set forth in the terms of the Agreement.

21. The Court dismisses the claims of the Plaintiffs who joined this Action with prejudice, and the Court enters final judgment dismissing the Action with prejudice. The Court finds there is no just reason for delay and directs the Clerk of the Court to enter this Order of Dismissal and Approving Settlement immediately.

22. The Court retains jurisdiction over the Action to enforce the terms of the Settlement

**IT IS SO ORDERED.**


Date:  October 7, 2020          /s/ *Michael R. Barrett*
                                Michael R. Barrett, Judge
                                United States District Court

**SO STIPULATED:**

| | |
|---|---|
| */s/ Shannon M. Draher* | */s/ Nick A. Nykulak* |
| Shannon M. Draher (0074304) | Nick A. Nykulak (0075961) |
| Hans A. Nilges (0076017) | ROSS, BRITTAIN & SCHONBERG CO., L.P.A. |
| NILGES DRAHER LLC | 6480 Rockside Woods Blvd South, Suite 350 |
| 7266 Portage Street N.W. | Cleveland, Ohio 44131 |
| Suite D | Telephone: (216) 447-1551 |
| Massillon, OH 44646 | Fax: (216) 447-1554 |
| Telephone: (330) 470-4428 | Email: nnykulak@rbslaw.com |
| Fax: (330) 754-1430 | |
| Email: sdraher@ohlaborlaw.com | Brent Wilson (Georgia Bar No. 767667) |
| hans@ohlaborlaw.com | *Admitted Pro Hac Vice* |
| | Douglas H. Duerr (Georgia Bar No. 231772) |
| Jeffrey J. Moyle (0084854) | *Admitted Pro Hac Vice* |
| 614 West Superior Ave | ELARBEE, THOMPSON, SAPP & WILSON, LLP |
| Suite 1148 | 800 International Tower |
| Cleveland, OH 44113 | 229 Peachtree Street, N.E. |
| Telephone: (216) 230-2944 | Atlanta, GA 30300 |
| Fax: (330) 754-1430 | Telephone: (404) 659-6700 |
| Email: jmoyle@ohlaborlaw.com | Fax: (404) 222-9718 |
| | Email: bwilson@elarbeethompson.com |
| *Attorneys for Plaintiffs* | duerr@elarbeethompson.com |
| | *Attorneys for Defendant* |

5